UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH TETI ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.05-10234-RWZ |
| ) | |
| KATHLEEN M. DENNEHY ) | |
|     Respondent. ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondents hereby answer the petition for writ of habeas corpus of the petitioner Joseph Teti.

1. Admitted.

2. Denied. Further answering, the respondent states that the date of the petitioner's conviction is April 9, 1999.

3. Admitted. Further answering, the respondent states that the petitioner was sentenced to a state prison term of fifteen years to fifteen years and one day.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(b). Admitted.

9(c). Admitted. Further answering the respondent states that the full citation is *Commonwealth v. Teti*, 60 Mass. App. Ct. 279, 801 N.E.2d 279 (2004).

9(d).   Denied. Further answering, the respondent states that the petitioner specifically raised the following grounds on appeal: (1) the trial judge erred in denying the petitioner's motion for a new trial without an evidentiary hearing where her findings on the motion are directly contradicted by her findings at the trial relative to the existence of and effect of trial counsel's conflict of interest and trial counsel's ineffective assistance; and (2) the trial court's findings that petitioner's trial counsel did not violate petitioner's right to a fair trial and the effective assistance of conflict free counsel when he failed to inform the petitioner that he co-counsel Keene represented the informant against the petitioner are clearly erroneous.

9(e)(1)-(2).   Admitted.

9(e)(3).   Denied. Further answering, the respondent states that on March 10, 2004, the Massachusetts Supreme Judicial Court denied the petitioner's application for leave to obtain further appellate review. The citation is *Commonwealth v. Teti*, 441 Mass. 1104, 805 N.E. 2d 44(2004).

9(e)(4).   Denied. Further answering, the respondent states that the petitioner raised the following grounds in his application for leave to obtain further appellate review: (1) The Appeals Court's decision determining that remand was unnecessary because the attorneys involved were bound by an ethical duty to be candid and honest in answering the Court's questions surrounding a conflict issue was unreasonable in light of the Board of Bar Overseer's recommendation that one of the attorneys, John McBride, be

        suspended from the practice of law for three years for lying to the Board; (2) the Appeals Court's finding that attorney Keene represented the petitioner at trial, together with attorney McBride, while Keen also represented the informant Leo LoBello against the petitioner required the Appeals Court to conclude that there was an actual conflict of interest which violated the petitioner's right to counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Article 12 of the Massachusetts Declaration of Rights; (3) the Appeals Court ignored evidence demonstrating that attorneys Keene and McBride possessed LoBello's federal pre-sentence report and possessed videotapes of the petitioner and LoBello in concluding that neither Keene nor McBride was aware that LoBello was an informant on petitioner's case until one week prior to trial; and (4) the Appeals Court's finding that the petitioner received the effective assistance of counsel is clearly erroneous.

9(f).     Left blank by the petitioner.

10.     Admitted.

11(a)(1)-(2).     Admitted.

11(a)(3).     Admitted. Further answering, the respondent states that the petitioner raised the following ground in his motion for a new trial: the petitioner's rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Article 12 of the Massachusetts Declaration of Rights were violated where his attorney rendered ineffective assistance

|  |  |
|---|---|
|  | of counsel by (a) destroying the petitioner's right to conflict free counsel because of an actual conflict of interest where trial counsel simultaneously represented the petitioner as well as the Commonwealth's main witness, LoBello, and did not disclose the conflict to the petitioner or the court until the third day of trial; (b) failing to file a motion to sever the indictment and failing to object to the Commonwealth's motion to join the indictments; (c) presenting evidence of the petitioner's prior uncharged drug transactions which destroyed the petitioner's entrapment defense; and (d) failing to deliver promised testimony on the petitioner's state of mind in support of his entrapment defense. |
| 11(a)(4.) | Admitted. |
| 11(a)(5). | Admitted. |
| 11(a)(6). | Denied. Further answering, the respondent states that the motion was denied on August 15, 2002. |
| 11(b)(1)-(2). | Admitted. |
| 11(b)(3). | Denied. Further answering, the respondent states that in support of motion for reconsideration the petitioner stated that (1) the findings of the trial court that attorney Keane, attorney McBride's co-counsel, represented the petitioner and the informant against the petitioner at the same time during the investigation did not create an actual conflict of interest is contradicted by the Attorney General's representation at trial and the trial court's findings on the record at trial; and (2) the findings of |

        the trial court that the petitioner's trial counsel was not ineffective are not supported by the record and incorporate the perceived thought process of attorney McBride, absent any affidavit or record basis for these conclusions. The petitioner also requested an evidentiary hearing to determine whether his rights to conflict free counsel pursuant to Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as Article 12 of the Massachusetts Declaration of Rights were violated.

11(b)(4)-(5). Admitted.

11(b)(6). Denied. Further answering, the respondent states that the petitioner's motion to reconsider was denied on October 8, 2002.

11(c). Admitted.

11(d). Left blank by the petitioner.

12A. (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B. (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no

      response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C.    (Ground three). The petition states "see attached," however, the attached memorandum only includes only ground one on page 19 and ground two on page 40, thus respondent states ¶12C was left blank by the petitioner.

12D.    (Ground four). The petition states "see attached," however, the attached memorandum only includes only ground one on page 19 and ground two on page 40, thus respondent states ¶12D was left blank by the petitioner.

13.    Left blank by the petitioner.

14.    The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15.    Admitted.

16.    Admitted.

17.    The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1.    Docket entries, *Commonwealth v. Teti*, SUCR 1998-10755.

2.    Defendant-Appellant's Brief on Appeal, *Commonwealth v. Teti*, 01-P-1181.

3.  Defendant-Appellant's Record Appendix on Appeal, *Commonwealth v. Teti*, 01-P-1181.

4.  Commonwealth's Brief on Appeal, *Commonwealth v. Teti*, 01-P-1181.

5.  *Commonwealth v. Teti*, 60 Mass. App. Ct. 279, 801 N.E.2d 279 (2004).

6.  Defendant-Appellant's Application for Further Appellate Review, *Commonwealth v. Teti*, February, 2004.

7.  Denial of FAR Application, *Commonwealth v. Teti*, 441 Mass. 1104, 805 N.E. 2d 44(2004).

### First Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Second Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Fourth Defense**

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

                                                                           Respectfully submitted,
THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824

Dated: March 22, 2005                       BBO # 635431