```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


JOSEPH TETI,          )
     Petitioner       )
                      )
     v.               )           C.A. #   05-10234-RWZ
                      )
KATHLEEN DENNEHY      )
     Respondent       )
```

PETITIONER'S MOTION TO ALTER OR AMEND FINDINGS

Now comes the petitioner, Joseph Teti and moves pursuant to Fed. R. Civ. P. 59(e) to amend its order dismissing his petition for relief pursuant to 28 U.S.C. sec. 2254 challenging his state court conviction and subsequent sentence of a mandatory fifteen years in prison. See McDowell v. Calderon 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)(en banc) cert. denied 529 U.S. 1082 (2000).

In support thereof, the petitioner states that the central focus of his petition was his claim that his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution were violated because one of his trial attorneys represented an informant called as a witness in Teti's trial. Both attorney McBride and attorney Keene represented Teti at trial. Teti's bother, Jason Teti, submitted an affidavit in support of Teti's state court Motion for Reconsideration averring that Keene represented the informant while he represented Teti and that after trial, attorney McBride gave Jason Teti the informant's file including the informant's pre sentence report and asked Jason Teti to return it to attorney Keene. After testifying against Teti the informant filed and received a Rule 35 Motion for a Reduced sentence in Federal Court.

This Court found that Teti's claim that McBride received information from Keene about the informant was nothing more than speculation because this Court did not have Jason Teti's affidavit. In its Memorandum of Decision at page ten footnote four this Court noted that "Petitioner also cites "the affidavit of Jason Teti [petitioner's] bother" in support of his assertion that Keene shared information about Lebello with McBride. No such affidavit was submitted to the Court."

In fact, Jason Teti's affidavit was included in Teti's state court record appendix as an attachment to his Motion for Reconsideration. Jason Teti's affidavit appears at page 130 of Teti's state record appendix. Teti believed that the respondent here, filed a complete copy of his record appendix with this Court on March 22, 2005. Jason Teti's affidavit is specific and detailed as to his conversations with Keene and McBride and put in dispute both Keene and McBride's representation to both Joseph Teti and to the state court about their knowledge and representation of the informant Leo Lebello.

As such, the petitioner requests that this Court reconsider its decision denying Teti's request for discovery and dismissing his petition for relief pursuant to 28 U.S.C. sec. 2254, order Teti's petition reinstated and order further discovery on the conflict issue.

Respectfully Submitted,
JOSEPH TETI
By His Attorney

/s/ Rosemary Curran Scapicchio
Rosemary Curran Scapicchio
Four Longfellow Place
37th Floor
Boston, Massachusetts 02114
(617) 263-7400

Date: August 8, 2006