UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10234-RWZ

JOSEPH TETI

v.

KATHLEEN DENNEHY

ORDER CONCERNING PETITIONER'S MOTION TO ALTER FINDINGS

October 17, 2006

ZOBEL, D.J.

This court, on August 1, 2006, filed a Memorandum of Decision explaining its denial of the petition for a writ of habeas corpus (#13 on the court's docket). On August 15, petitioner filed a motion to Amend or Alter Findings (#15), but before this court acted on that motion, petitioner filed a Notice of Appeal from the "Court's August 2, 2006 Judgment denying his Petition..." (#16). The matter is again before this court by order of the Court of Appeals to dispose of the motion to amend.

First, the docket does not reflect the entry of a judgment on August 2, 2006. Judgment was entered on October 13, 2006 (#19).

Second, the motion to amend is denied. Petitioner asserted that he did not have effective assistance of counsel based in part on the claim that both lawyers he had retained, Bradford Keene and John McBride, had a conflict of interest. Keene had at some point in the past represented one Lobello, an informant who testified against petitioner. With respect to McBride, the issue was when and how he learned of

Lobello's status and, specifically, whether he discussed it with Keene.

In denying petitioner's request for discovery, this court commented on the absence from the record of an affidavit by petitioner's brother supporting petitioner's position. Petitioner correctly notes the court's mistake. The record does contain the affidavit. However, the affidavit sheds little light on the particular issue for which it was cited, namely, petitioner's request for discovery. Even with respect to the merits, namely, counsels' alleged conflict, the affidavit does not resolve whether counsel discussed Lobello and Keene's prior representation of him. Accordingly, the motion to alter findings is denied.

Third, a certificate of appealability is granted sua sponte. Given the procedural history of the case in state court and the strictures of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §2254, petitioner's assertion concerning the effectiveness of counsel at the trial raises serious questions fully appropriate for appellate review.

|  |  |
|---|---|
| October 17, 2006 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |